## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT GRUENWALD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>THE TORO COMPANY, TORO INTERNATIONAL, INC.<br><br>        Defendants. | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott Gruenwald ("Plaintiff"), individually and on behalf of all others similarly-situated, brings this action against Defendants The Toro Company and Toro International Inc. arising (collectively, Toro) from their manufacture, distribution and sale of defective TimeCutter lawn mowers. Plaintiff's allegations are based upon personal knowledge as to himself, and on information and belief as to the acts of others.

### NATURE OF THE ACTION

1.      Toro designs, manufactures, markets and sells professional turf maintenance equipment and services, turf irrigation systems, landscaping equipment and lighting products, snow and ice management products, agricultural irrigation systems, rental and specialty construction equipment, and residential yard and snow thrower products. *See*, The Toro Company, Form 10-K at p. 3 (Fiscal Year Ended October 31, 2018). Toro's products are advertised and sold worldwide through a network of distributors, dealers, mass retailers, hardware retailers, home centers, as well as online

(direct to end-users) under the primary trademarks of Toro®, Exmark®, BOSS®, Irritrol®, Hayter®, Pope®, PERROT®, Unique Lighting Systems®, and Lawn-Boy®. *Id*.

2.     Toro represents that it emphasizes quality and innovation in its products, customer service, manufacturing, and marketing. *See*, The Toro Company, Form 10-K at p. 3 (Fiscal Year Ended October 31, 2018). Toro also represents that it strives to provide well-built, dependable products supported by its vast service network, and that it has "rigorous product safety standards" and that it continually works "to improve the safety and reliability of [its] products." *Id*., at pp. 3, 7-8.

3.     Despite these representations, Toro has designed, manufactured, distributed, marketed and sold its TimeCutter driving lawn mowers ("Lawn Mower(s)") that present a serious safety risk to the TimeCutter Lawn Mower consumer, and an accompanying risk of property loss. Toro is well-aware of a fire hazard that exists with respect to its Lawn Mowers. Indeed, Toro instituted a recall of its 2015 TimeCutter Mowers due to the fire risk that it exposed to its purchasers. That recall is entirely inadequate in that it does not alone sufficiently provide reasonable notice to Toro's purchasers of its Lawn Mowers of the safety hazards they present. The recall is also further inadequate because it does not include 2014 TimeCutter Lawn Mowers, which were purchased by Plaintiff and which caught fire. The TimeCutter fire hazards described herein are collectively referenced as the "Defects."

4.     Toro has noticeably failed to account for the fact that, not only with respect to its recalled 2015 TimeCutter Lawn Mowers, purchasers of Toro's 2014 Lawn Mowers

are at grave risk of personal injury and of property damage, including but not limited to the destruction of their homes. By this action, Plaintiff seeks to hold Toro accountable for its manufacture, distribution, advertising and sale of its dangerously defective Lawn Mowers. Toro is fully aware of the fire risk presented by its Lawn Mowers, but has failed to adequately address, if at all, that risk.

5.      On November 24, 2015, Toro announced a recall of its 2015 TimeCutter riding mowers due to fire hazard.  *See*, https://www.cpsc.gov/Recalls/2015/toro-recalls-timecutter-riding-mowers. The fire hazard was attributed to "fuel filters on the mowers [that] can become brittle and fractured, allowing fuel to leak." *Id*.  Approximately 8,600 mowers were recalled, along with an additional 400 mowers in Canada. The retail sale price of the recalled mowers is approximately $3,400.00, equaling $30,600,000.00 worth of recalled 2015 TimeCutter Lawn Mowers alone. Consumers were ostensibly warned, through the Consumer Product Safety Commission's website, and through Toro's then-stated direct mail to registered owners, that a free repair remedy would be made available. Registered consumers could purportedly receive a fuel filter in the mail for self-installation, or by a Toro dealer "if they are uncomfortable with the replacement procedure."

6.      Plaintiff is informed and believes that the 2014 TimeCutter models are also defectively designed, in that they are prone to catching fire after regular, normal and intended use and/or storage. Although Toro has been on notice of its defective TimeCutter Lawn Mowers, it has refused to institute a recall of the 2014 TimeCutter models, and further refuses to properly notify TimeCutter owners of its fire hazard

defects affecting Lawn Mower owners. Toro knows, or shown have known, of the fire hazard Defects with respect to its Lawn Mowers and which create a latent, material, serious, and dangerous safety hazard to TimeCutter purchasers. Notably, on information and belief, the Consumer Product Safety Commission (CPSC) is also aware of the fire hazard created by the 2014 TimeCutter Lawn Mowers, and has in its possession at least three "thorough" investigation reports concerning the TimeCutter, as well as numerous reports of consumer complaints, injuries and/or incidents.

7.     The fire hazard Defects existed at the point of sale of the Lawn Mowers, and whether or not the Defects manifest, as to all of the Lawn Mowers sold, the Defects are a fire hazard that presents a serious safety risk to purchasers.

8.     At all relevant times, Toro knew or should have known of the Defects but nevertheless sold the Lawn Mowers to consumers, failed to warn consumers of the serious safety risks that the Defects posed, and failed to adequately recall these dangerously defective Lawn Mowers despite the risks to life and property that they pose.

9.     As a direct and proximate result of Toro's concealment of the Defects, failure to warn its customers of the Defects and of the inherent safety risks posed by the Lawn Mowers, failure to remove the defective Lawn Mower from the stream of commerce, and failure to recall or remedy the defective designs, Plaintiff and Class members purchased and used Toro's defective and unsafe Lawn Mowers.

10.     As discussed in detail below, as a result of the Defects, the fuel line of Plaintiff' Lawn Mowers leaked or is at risk of leaking onto the mowing bed, igniting, or at risk of igniting, and caused Plaintiff' damages.

4

11.    Plaintiff' and the Class members' Lawn Mowers contain the same Defects that pose the same considerable safety risk to consumers and the public. The Lawn Mowers cannot be used safely for their intended purpose. They have been carelessly and/or negligently designed and manufactured by Toro. The Defects latently manifest through the Lawn Mower's accumulation of grass clippings in and around the Lawn Mower's motor, thus creating a fire hazard.

## PARTIES

12.    Plaintiff Scott Gruenwald is an individual citizen and resident of Ogelsby, Illinois. On or about May 29, 2014, Plaintiff Gruenwald purchased for the approximate amount of $3,500.00 a new 2014 Toro TimeCutter riding Lawn Mower, Model No. 74637, Serial No. 314000866, that was designed, manufactured, advertised, and sold by Toro. On or about June 27, 2018, after normal, intended and reasonable use, Plaintiff Gruenwald's mower spontaneously caught fire while parked in his garage that adjoined the Gruenwald home. The fire spread from the garage and into his adjoining home. The fire quickly engulfed Plaintiff Gruenwald's entire home, resulting in a total loss of the home. An investigation later conducted by an independent expert fire expert firm concluded that the origin of the fire was Plaintiff Gruenwald's 2014 TimeCutter Lawn Mower. Plaintiff's homeowner's insurance carrier – Pekin Insurance Company- partially compensated Plaintiff for the loss of his home based on its investigation of Plaintiff's homeowner's insurance claim. Pekin then filed a subrogation lawsuit against Defendants Toro, claiming negligence and strict product liability against Toro. *Pekin Ins. Co. v. Toro Int'l Inc.*, N.D. Ill. No. 18-cv-07489 (filed Nov. 12, 2018.) Just less than four months of

5

Pekin's filing, Toro promptly resolved the suit brought against it for an unstated amount with respect to the subrogation action.

13.    The Toro Company is a Delaware corporation with its principal executive offices located at 8111 Lyndale Avenue South, Bloomington, Minnesota 55420. Toro engages in a continuous course of business in Minnesota, and based upon information and belief, sells thousands of Lawn Mowers in this District each year. Minnesota has a significant relationship to the allegations and events alleged herein.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy in this class action exceeds $5,000,000, exclusive of interest and costs. Plaintiff and members of the Class are citizens of states other than the state in which Toro is incorporated, and are citizens of states other than where Toro maintains its principal place of business.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (d) because Toro is headquartered in this District, regularly transacts business in this District, and has continuous and systematic contacts with the State of Minnesota through the sale of Toro's products in Minnesota.

## COMMON FACTUAL ALLEGATIONS

16.    Toro is engaged in the business of designing, manufacturing, warranting, marketing, advertising, and selling Lawn Mowers labeled under the brand name Toro. The Lawn Mowers sold by Toro under the Toro brand name were made in accordance with Toro's specifications.

17.    Like all Class members (as defined below), Plaintiff purchased his Lawn Mower reasonably believing that it was properly designed and manufactured, were free from defects, and were safe for their intended use.

18.    Plaintiff's and Class members' Mowers were used for their intended purpose of mowing lawns in a manner reasonably foreseeable by Toro. However, Plaintiff and Class Members are now unable to use their Lawn Mowers for their intended purposes, given their Mowers were destroyed by fire. Even if Plaintiff were able to use their Lawn Mowers for their intended purpose, they would place themselves and their properties at significant risk when using their Lawn Mowers, because uniform material safety Defects render them unsafe.

19.    Like Plaintiff, Class members purchased Lawn Mowers designed, manufactured, and sold into the stream of commerce by Toro and its network of authorized dealers, and used the Lawn Mowers for their intended purpose of mowing residential lawns in a manner reasonably foreseeable by Toro.

20.    Like Plaintiff, Class members' Lawn Mowers have the same Defects that pose unreasonable risks of fire, property damage, personal injury and/or death during normal use.

21.    Like Plaintiff, Class members did not receive the benefit of their bargain when they purchased Lawn Mowers which contain a material safety Defect at the point of sale.

22.    Toro knew or should have known of the Defect and of the serious safety risks it posed to consumers, but chose to remain silent while concealing its knowledge of

7

the Defects from consumers and members of the public who purchased the Lawn Mowers, while selling its Lawn Mowers to unsuspecting consumers for a profit.

23.    Had Plaintiff and Class members known of the serious Defects, they either would not have purchased the Lawn Mowers or would have paid significantly less for the Lawn Mowers.  As a result of Toro's unconscionable conduct, and the Defects existing in the Lawn Mowers, Plaintiff and the Class members have been damaged.  Such damages include, but are not limited to: the failure to receive the benefit of the bargain; the overpayment for the Lawn Mowers; the costs of repairs or replacement of the Lawn Mowers; and damages to real and personal property.  Damages for personal injuries are not being sought in this action.

## The Defects

24.    The Lawn Mowers that Plaintiff and Class Members purchased have serious material safety defects that cause or will cause the Lawn Mowers to malfunction during the expected and foreseeable useful life of the Lawn Mowers.  The defects represent an unreasonable risk of spontaneous ignition and fire, resulting in property damage and loss, personal injury, and/or death.

25.    The defects include, at minimum, a negligent design that allows grass clippings to accumulate in and around the motor of the Lawn Mowers, creating a fire hazard. In addition, the fuel filters on the TimeCutter Lawn Mowers may become brittle, causing them to fracture and leak fuel, which creates a fire risk. Toro has failed to adequately warn Lawn Mower purchasers of the potential for grass clippings to

accumulate in and around the motor, or that the fuel filter is prone to fracture and leakage.

26.    The Defects exist at the point of sale of the Lawn Mowers, and manifests itself during the useful life of the Lawn Mowers, within and without the warranty periods, is substantially likely to prevent the Lawn Mowers from being used as intended during their expected useful life, and poses unreasonable risks of property damage, personal injury and/or death.

27.    At the very least, once the Defects have manifested, the resulting fire necessitates substantial economic harm, including, without limitation, the expensive replacement of, or costly repairs to, the Lawn Mowers.

## Toro's Negligent Conduct

28.    Toro failed to adequately design, manufacture, and/or test the Lawn Mowers to ensure that they were free from Defects before offering them for sale to Plaintiff and Class members, despite its duty to do so.

29.    The Defects pose a serious and immediate safety risk to consumers and the public and has caused or will cause the Lawn Mowers to fail during their expected useful lives.

30.    Plaintiff's and Class members' Lawn Mowers should have been usable for their intended purpose during the intended duration of their expected useful lives.

31.    The Defects existed at the time that the Lawn Mowers were sold to Plaintiff and Class members, and immediately rendered the Lawn Mowers unfit for the ordinary and intended purpose for which they were marketed and sold.

32.    Had the Lawn Mowers been free from the Defects, Plaintiff and Class members would not have suffered the economic damages complained of herein.

33.    Toro also had a duty to protect consumers by warning them that the Defects pose unreasonable risks of property damage, personal injury and/or death. This is particularly so, given its undeniable knowledge of the Lawn Mowers' propensity for spontaneous ignition and catching fire.

34.    Nonetheless, even though Toro knew or should have known of the Defects existing in its Lawn Mowers, it has chosen: (i) to conceal the existence of the Defects; (ii) to not prevent the defective Lawn Mowers from use by Class Members; (iii) to not institute an adequate recall of the Lawn Mowers, as it has done in the past with respect to other driving Lawn Mowers; and (iv) to not meaningfully notify Class Members of such actions in order to realize the substantial financial benefits of selling the defective Lawn Mowers to the public.

35.    Toro knew or should have known that consumers like Plaintiff and Class members would be unaware of the Defects and could not reasonably be expected to discover the Defect until their Lawn Mower ignited and burned.

36.    Toro knew or should have known that consumers like Plaintiff and Class members expected the Lawn Mowers to be usable without putting consumers' lives and property at risk, and expected that the Lawn Mowers were safe to use and store on or in consumers' property.

37.    Toro knew or should have known that consumers expected Toro to disclose any Defects that would prevent the Lawn Mowers from safely performing their function

prior to the end of their expected useful lives, or Defects that would seriously threaten Plaintiff' and Class members' safety, as such disclosure by Toro would impact a reasonable customer's decision whether to purchase one of the Lawn Mowers.

38.    As a result of Toro' concealment of the Defects, many Class members remain unaware of the existence of the Defect and that it poses unreasonable risks of property damage, personal injury and/or death during normal use.

39.    Had Plaintiff and Class members been made aware of the serious safety Defects within the Lawn Mowers, they would not have purchased the Lawn Mowers or would have paid substantially less for the Lawn Mowers.

40.    Toro's conduct has harmed Plaintiff and Class members and has left consumers throughout the United States with a serious safety risk to the consumers' property and persons.

Toro' Actual or Constructive Knowledge of the Defects

41.    Toro either knew or should have known at the time that it sold the Lawn Mowers to the public that they contained Defects, and that the Defects caused the Lawn Mowers to function improperly during their expected useful life, represented an unreasonable risk of igniting, and could cause property damage, personal injury, and death to consumers and the public.

42.    As described herein, Toro was aware that its Lawn Mowers were defective, and that the Defects posed unreasonable risks of property damage, personal injury, and/or death during normal use.  Toro's knowledge of such facts is established through, *inter alia,* various prior recalls of Toro's Lawn Mowers prone to catch fire, insurance

11

subrogation claims, and customers' postings and complaints relating to their Lawn

Mowers catching on fire.  Despite its knowledge, Toro did not remedy or eliminate the

Defects in its Lawn Mowers, or remove the Lawn Mowers from the stream of commerce.

43.     Based upon the above facts, as well as the fact that Toro has extensive

experience in designing and selling riding Lawn Mowers, Toro knew or should have

known that its Lawn Mowers contained material safety Defects which make them prone

to ignite and cause damage.

44.     Toro has a duty to consumers and the public to disclose the defective nature

of its Lawn Mowers and to not conceal and suppress the defective nature of its Lawn

Mowers from Plaintiff and Class members, thereby placing Plaintiff and Class members

at risk of personal injury and property damage.

45.     To this day, Toro continues to conceal the Defects, fails to notify

consumers of the existence of the Defects, fails to adequately recall, if at all, its Lawn

Mowers, and fails to offer to replace the defective Lawn Mowers with a mower free of

defects.

46.     Moreover, Toro continues to falsely represent to purchasers and the public

through written warranties that the Lawn Mower are free from defects, will perform

dependably for years, and are of merchantable quality.

47.     Toro continues its concealment and misrepresentations so that members of

the Class and potential consumers remain unaware of the Defect and the serious hazard it

poses.

48.     Instead of recalling or retrofitting the Lawn Mowers, or warning consumers of the dangers of its Lawn Mowers, Toro warrants that its Lawn Mower are free from defects and are of merchantable material and workmanship.

49.     Upon information and belief, when corresponding with customers, Toro does not disclose that the Lawn Mowers contain material Defects that can cause fire hazards.

50.     As a result, reasonable consumers, including Plaintiff and Class members, purchased and continue to purchase the Lawn Mowers for residential use, and continue to store the Lawn Mowers on and in their properties although it is unsafe to do so.

51.     Toro has wrongfully placed on Plaintiff and Class members the burden, expense, and difficulties involved in diagnosing potential problems with their Lawn Mowers, repairing and replacing the Lawn Mowers, as well as paying for the cost of damages the Defect has caused.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff bring this action individually and as a class action under the provisions of Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the members of the following Class:

> During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired a 2014 and/or 2015 Toro TimeCutter riding Lawn Mower, primarily for personal, family, or household purposes. (Hereinafter, the "Class").

53.     Excluded from the Class are: (a) any Judge or Magistrate presiding over this action, and members of their families; (b) Toro and any entity in which Toro has a

controlling interest, or which has a controlling interest in Toro; (c) the officers, directors or employees of Toro; (d) Toro's legal representatives, assigns and successors; and (e) all persons who properly execute and file a timely request for exclusion from any Court-approved class.

54.    Plaintiff reserves the right to narrow or expand the foregoing Class definition, or to create subclasses as the Court deems necessary.

55.    Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class.

56.    **Numerosity**: While the exact number of Class members cannot be determined without discovery, the Class consists of thousands of people dispersed throughout the United States.  The exact number of Class members can readily be determined upon review of sales information and other records maintained by Toro and it authorized dealers.  The Class members are therefore so numerous that joinder of all members is impracticable.

57.    **Commonality:**  Common questions of law and fact exist as to all members of the Class.  These common questions will have common answers for all Class members.  Among the questions of law and fact common to the Class are:

    a.    Whether the Lawn Mowers designed and/or sold by Toro possess material Defects;

    b.    Whether the Defects represent an unreasonable risk of igniting, burning and/or causing fire;

c. Whether Toro knew or should have known that the Lawn Mowers possess the Defects when it placed the Lawn Mowers into the stream of commerce;

d. Whether Toro fraudulently concealed the Defects from Plaintiff and consumers;

e. Whether Toro breached express warranties relating to the Lawn Mowers;

f. Whether Toro breached implied warranties of merchantability relating to the Lawn Mowers;

g. Whether Toro is negligent for designing, marketing and selling defective Lawn Mowers;

h. Whether Toro is strictly liable for selling defective Lawn Mowers;

i. Whether Plaintiff and Class members are entitled to damages, including compensatory, exemplary, and statutory damages;

j. Whether Plaintiff and Class members are entitled to replacement or repair of their defective Lawn Mowers; and

k. Whether Plaintiff and Class members are entitled to equitable relief, including an injunction and requiring that Toro engage in a corrective notice campaign and/or an adequate recall of affected Lawn Mowers.

58. **Typicality**: Plaintiff have the same interests in this matter as all other members of the Class, and Plaintiff's claims arise out of the same set of facts and conduct by Toro as all other members of the Class. Plaintiff and all Class members own or owned a Lawnmower designed and/or manufactured by Toro with uniform Defects that makes

them immediately dangerous upon purchase and that causes the Lawn Mower to fail within their expected useful lives and ignite, burn, catch on fire, cause personal injury, and/or burn consumers' homes and other real and personal property. The claims of Plaintiff and Class members arise out of Toro's placement into the marketplace of products that are defective and that cause a serious safety risk to consumers, and from Toro's failure to disclose that known safety risk and Defects. As a result of Toro's conduct, Plaintiff and Class members did not receive the benefit of their bargain. Also common to Plaintiff' and Class members' claims is Toro's conduct in designing, manufacturing, marketing, advertising, warranting and/or selling the defective Lawn Mowers; Toro's conduct in concealing the Defects in the Lawn Mowers; and Plaintiff' and Class members' purchases of the Lawn Mowers.

59.    **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and have retained competent counsel experienced in consumer and product liability class action litigation. Accordingly, Plaintiff and their counsel will fairly and adequately protect the interests of the members of the Class. Plaintiff' claims coincide with, and are not antagonistic to, those claims of the other Class members they seek to represent. Plaintiff have no disabling conflicts with the members of the Class, and will fairly and adequately represent the interests of the Class.

60.    **Injunctive/Declaratory Relief**:  The elements of Rule 23(b)(2) are met. Toro will continue to commit the unlawful practices alleged herein, and the members of the Class and the general public will continue to remain at an unreasonable and serious personal safety and property damage risk as a result of the Defects. Toro has acted and

16

refused to act on grounds that apply generally to the Class members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

61.    **Predominance**: The elements of Rule 23(b)(3) are met.  Here, the common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is the superior method for the fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Serial adjudication in numerous venues is not efficient or proper.  Judicial resources will be unnecessarily depleted by separate resolution of individual claims.  Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly situated Plaintiff.  Plaintiff's counsel, who are highly-experienced in class action litigation, foresee little difficulty in the management of this case as a class action.

**The Statutes of Limitation are Tolled Due to the Discovery Rule, Toro's Fraudulent Concealment of the Defect in its Lawn Mowers, and Principles of Estoppel**

62.    The claims alleged herein accrued upon discovery of the defective nature of the Lawn Mowers, which manifest when the Lawn Mowers ignite and catch fire. Because the Defects alleged herein is hidden, and, as described above, Toro failed to disclose the true character, nature, and quality of the Lawn Mowers, among other reasons, Plaintiff and Class members did not discover and could not have discovered the

Defect alleged herein through reasonable and diligent investigation.  Plaintiff' own visual examinations of the Lawn Mowers when purchased, as well as their continued intended use and maintenance of the Lawn Mowers, did not reveal the defective nature of the Lawn Mowers.

63.    Any applicable statutes of limitations have been tolled by Toro's knowledge and actual misrepresentations and/or concealment and denial of the facts as alleged herein, which concealment is ongoing.  Plaintiff and Class members could not have reasonably discovered the true defective nature of the Lawn Mowers.  As a result of Toro's active concealment of the defects and/or failure to inform Plaintiff and Class members of the defects, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

64.    Alternatively, the facts alleged herein give rise to principles of estoppel. Toro has actively and fraudulently concealed the defective nature of the Lawn Mowers. Toro was and is under a continuous duty to disclose to Plaintiff and Class members the true character, quality, and nature of the Lawn Mowers, particularly that they pose a serious risk to personal safety and of igniting and creating fire.  At all relevant times, and continuing to this day, Toro knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Lawn Mowers.  Given Toro's failure to disclose this non-public information about the defective nature of the Lawn Mowers—information over which it has exclusive control—and because Plaintiff and Class members could not reasonably have known that the Lawn Mowers are defective, Plaintiff reasonably relied on Toro's knowing affirmative and/or ongoing concealment.

Based on the foregoing, Toro is estopped from prevailing on any statute of limitations defense in this action.

65.    Additionally, Toro is estopped from raising any defense of laches due to its own unclean hands as alleged herein.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (On Behalf of Plaintiff and the Class)

66.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

67.    The Lawn Mowers purchased by Plaintiff and Class members were defectively designed and manufactured, and posed a serious and immediate safety risk to consumers and the public.

68.    The Lawn Mowers left Toro's facilities and control with a Defect caused by a defective design incorporated into the manufacture of the Lawn Mowers.

69.    The Defect places Plaintiff and Class members at a serious safety and property damage risk upon using the Lawn Mowers on their lawns in a manner reasonably foreseeable by Toro, or storing them on or in their properties.

70.    At all times relevant hereto, there was a duty imposed by law which requires that a manufacturer's or seller's product be merchantable and reasonably fit for the ordinary purposes for which such products are used, and that the product be acceptable in trade for the product description.  This implied warranty of merchantability

is part of the basis for the bargain between Toro, on the one hand, and Plaintiff and Class members, on the other hand.

71.    Notwithstanding the aforementioned duty, at the time of delivery, Toro breached the implied warranty of merchantability in that the Lawn Mowers were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used of safely mowing grass in a residential setting, and failed to conform to the standard performance of like products used in the trade.

72.    Toro knew or should have known that the Lawn Mowers posed a safety risk and were defective, and knew or should have known of these breaches of implied warranties at the time of its sale of the Lawn Mowers to Plaintiff and Class members.

73.    In the Operator's Manual that accompanied the Lawn Mower and that was given to buyers upon sale, Toro did not limit or exclude any implied warranties in any way.

74.    Plaintiff and members of the Class have privity of contract with Toro through their purchase of the Lawn Mower from Toro, and through the express written and implied warranties that Toro issued to its customers. Toro' warranties accompanied the Lawn Mowers, and were intended to benefit the ultimate consumers of the Lawn Mowers.

75.    As a direct and proximate result of Toro's breaches of its implied warranties, Plaintiff and Class members bought the Lawn Mowers without knowledge of the Defects or their serious safety risks.

76.     As a direct and proximate result of Toro's breach of its implied warranties, Plaintiff and Class members purchased defective and unsafe Lawn Mowers which could not be used for their intended use of mowing grass in a residential setting.

77.     Upon information and belief, Toro received notice and has been on notice of the Defects and of its breaches of express and implied warranties through customer warranty claims reporting problems with the Lawn Mowers, customer complaints, and its own internal and external testing.  Toro also received such notice through prior recall of the Lawn Mowers that are prone to catch fire, insurance subrogation claims, and customers' complaints.

78.     Despite such notice and its knowledge of the Defects, Toro failed to provide Defect-free Lawn Mowers to Plaintiff and Class members, failed to provide free repairs of the defective Lawn Mowers, and failed to provide any form of compensation for the damages resulting from the Defects.

79.     As a direct and proximate result of Toro' breach of its implied warranties, Plaintiff and Class members have suffered damages.

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE
**(On Behalf of Plaintiff and the Class)**

80.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

81.     Toro owed a duty to Plaintiff and Class members to design, manufacture, produce, test, inspect, market, distribute, and sell the Lawn Mowers with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiff and Class members

from foreseeable and unreasonable risk of harm. Toro breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and selling the Lawn Mowers.

82.    Toro also acted unreasonably in failing to provide appropriate and adequate warnings and instructions, and the failure to provide adequate warnings and instructions was a proximate cause of the harm for which damages are sought. In addition, at the time the Lawn Mowers left the control of Toro, the Lawn Mowers, without an adequate warning or instruction, created an unreasonably dangerous condition that Toro knew, or in the exercise of ordinary care should have known, posed a substantial and reasonably foreseeable risk of harm to consumers. Toro knew or should have known that the Lawn Mowers it designed, manufactured, produced, tested, inspected, marketed, distributed, and/or sold, in ordinary and foreseeable use, created an unreasonable safety risk and would fail to perform as intended.

83.    At the time of the design or manufacture of the Lawn Mowers, Toro acted unreasonably in designing or formulating the product, and this conduct was a proximate cause of the harm for which damages are sought. Further, at the time the product left the control of Toro, it unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product. Furthermore, at the time the product left the control of Toro, the design or formulation of

22

the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this Lawn Mowers' design.

84.    Toro knew or should have known that the Lawn Mowers create an unreasonable safety risk as the Lawn Mowers had Defects causing them to ignite and burn.  Toro further knew or should have known that the Lawn Mowers had Defects which could cause property damage, personal injury, and/or death.

85.    Based on its knowledge, Toro had a duty to disclose to Plaintiff and Class members the serious safety risks posed by the Lawn Mowers, and a duty to disclose the defective nature of the Lawn Mower.

86.    Toro had a further duty not to put the defective Lawn Mowers on the market and has a continuing duty to remove its unsafe Lawn Mowers from the market and institute a proper recall from consumers.

87.    Toro failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the Lawn Mowers by, among other things, failing to design and manufacture the Lawn Mowers in a manner to ensure that, under normal intended usage, a serious safety risk such as the one posed by the Defects did not occur.

88.    Toro failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, users of the Defects in its Lawn Mowers.

89.    Toro failed to exercise reasonable care when it knew of the safety risks the Lawn Mowers posed, and actively concealed those risks from Plaintiff and Class members.

90.    Toro failed to exercise reasonable care when it knew of the safety risks the Defects posed, and failed to replace, repair or recall Lawn Mowers it knew or should have known were unsafe and defective.

91.    As a direct and proximate result of Toro' negligence, Plaintiff and Class members bought the Lawn Mowers without knowledge of the Defect or of the serious safety risks it caused.

92.    As a direct and proximate result of Toro' negligence, Plaintiff and Class members purchased defective and unsafe Lawn Mower which could not be used for their intended use.

93.    As a direct and proximate result of Toro' negligence, Plaintiff and Class members have suffered damages.

**THIRD CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

94.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

95.    This claim is asserted in the alternative on behalf of Plaintiff and members of the Class to the extent there is any determination that any contracts do not govern the subject matter of the disputes with Toro, or that Plaintiff do not have standing to assert any contractual claims asserted against Toro.

24

96.     Plaintiff and members of the Class conferred a benefit on Toro, of which benefit Toro had knowledge.  By its wrongful acts and omissions described herein, including selling the defective Lawn Mowers, Toro was unjustly enriched at the expense of Plaintiff and the members of the Class.

97.     Plaintiff' and Class members' detriment and Toro's enrichment were related to and flowed from the wrongful conduct alleged in this Complaint.

98.     It would be inequitable for Toro to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the Lawn Mowers.

99.     Plaintiff and members of the Class seek restitution from Toro and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Toro from its wrongful conduct, and establishing a constructive trust from which Plaintiff and Class members may seek restitution.

## FOURTH CLAIM FOR RELIEF
## STRICT LIABILITY – MANUFACTURING AND DESIGN DEFECT AND FAILURE TO WARN
### (On Behalf of Plaintiff and the Class)

100.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

101.     Toro designed, manufactured, and/or sold its Lawn Mowers to Plaintiff and the Class.

102.   The Lawn Mowers were defective in their manufacture and design, and contained the Defects when they left Toro's control.

103.   Toro knew or should have known that its Lawn Mowers were defective and pose a serious and real risk of ignition and fire during their regular use.

104.   Toro failed to inform Plaintiff and the Class about the Lawn Mowers' susceptibility to ignition, thus causing fire and possible loss of life and property.

105.   The Lawn Mowers are defective due to inadequate warnings, inadequate inspection and testing, and inadequate reporting regarding the results of quality control testing, or lack thereof.

106.   Had Plaintiff and Class members been adequately warned concerning the likelihood that the Lawn Mowers could catch fire and thereby creating a serious safety risk when used for their intended purpose, they would have taken steps to avoid damages by not purchasing them.

107.   Once learning that its Lawn Mowers could ignite and catch fire, Toro had a duty to warn consumers of the possibility that catastrophic injury to persons and property could result from the Defects in the Lawn Mower, even when used for their intended purpose.

108.   As a direct and proximate result of the defective condition of the Lawn Mowers, Plaintiff and the Class have incurred or at risk of incurring damages to their persons and to their personal and real property in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## INJUNCTIVE AND DECLARATORY RELIEF
### (On Behalf of Plaintiff and the Class)

109.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

110.    There is an actual controversy between Toro and Plaintiff concerning the existence of Defects in the Lawn Mowers.

111.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

112.    Accordingly, Plaintiff and Class members seek a declaration that the Lawn Mowers have common Defects in their design and/or manufacture.

113.    Additionally, Plaintiff and Class members seek a declaration that this common Defects in the Lawn Mower poses a serious safety risk to consumers and the public.

114.    Toro designed, manufactured, produced, tested, inspected, marketed, distributed, and sold Lawn Mowers which contain a material and dangerous Defects as described herein.   Based upon information and belief, Toro continues to design, manufacture, produce, test, inspect, market, distribute, and sell Lawn Mowers which contain a material and potentially dangerous Defect as described herein.

115.    Based upon information and belief, Toro has taken no corrective action concerning the Defects described herein, and has not issued any warnings or notices to

Plaintiff and Class Members concerning the dangerous Defects, nor has it implemented a product recall.

116.    Plaintiff and Class members have suffered actual damage or injury or are in immediate risk of suffering actual damage or injury due to the Defects.  Toro should be required to take corrective action to prevent further injuries, including: (a) issuing a nationwide recall of the Lawn Mowers; (b) issuing warnings and/or notices to consumers and the Class concerning the Lawn Mowers' Defects; and (c) immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective Lawn Mowers described herein.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all causes of action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A.    An Order certifying this action as a class action;

B.    An Order appointing Plaintiff as Class representatives, and appointing undersigned counsel as Class counsel to represent the Class;

C.    A Declaration that Toro's Lawn Mowers are defective, and an Order requiring Toro to immediately notify Class Members that their Lawn Mowers are not suitable for their intended purpose.

D.    An Order awarding injunctive relief by requiring Toro to issue corrective actions, including notification, adequate recall, inspection, and, as necessary, repair and replacement of the Lawn Mowers;

E.    Payment to Plaintiff and the Class of all damages associated with or caused by the defective Lawn Mowers, in amounts to be proven at trial;

F.    An award of attorneys' fees and costs, as provided by law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed on the Class;

G.    Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

H.    Such other and further relief as this Court may deem just, equitable, or proper.

Dated: August 19, 2019                    Respectfully submitted,

*/s/Amanda M. Williams*
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
Amanda M. Williams (#341691)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 54402
Tel: 612-333-8844
Fax: 612-339-6622
*dgustafson@gustafsongluek.com*
*kgluek@gustafsongluek.com*
*awilliams@gustafsongluek.com*

Kenneth A. Wexler
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: 312-346-2222
Facsimile: 312-346-0022
*kaw@wexlerwallace.com*

29

Mark J. Tamblyn (*pro hac vice* to be filed)
**WEXLER WALLACE LLP**
333 University Avenue, Suite 200
Sacramento, California 95825
Telephone: 916-207-6017
Facsimile: 312-346-0022
*mjt@wexlerwallace.com*

James Pepper (*pro have vice* to be filed)
**THE PEPPER LAW FIRM, LLC**
122 E. Court Street, Suite 2
Doylestown, Pennsylvania 18901
Telephone: 215-340-2500
*pepper@jamespepperlaw.com*

***Attorneys for Plaintiff and the Proposed Class***